**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-1636**

---

JENNIFER MULLEN COLLINS,

        Plaintiff - Appellant,

    v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:15-cv-00188-RGD-RJK)

---

Submitted: December 20, 2016        Decided: July 6, 2017

---

Before GREGORY, Chief Judge, and NIEMEYER, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Gregory N. Stillman, Wendy C. McGraw, HUNTON & WILLIAMS LLP, Norfolk, Virginia; Todd M. Stenerson, HUNTON & WILLIAMS, LLP, Washington, DC, for Appellant. David E. Constine, III, Stephen C. Piepgrass, TROUTMAN SANDERS LLP, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Former Navy SEAL David M. Collins served this country for seventeen years, during which he was deployed to Iraq, Afghanistan, and Kuwait. He served in dangerous and stressful situations, many of which exposed him to enemy gunfire and blasts from mortar fire. Upon retirement, he was diagnosed with Post-traumatic Stress Disorder, Major Depressive Disorder, Generalized Anxiety Disorder, and chronic traumatic encephalopathy (CTE), a "progressive neurodegenerative disease" caused by "repetitive brain trauma." J.A. 719. Despite seeking treatment, Mr. Collins was found dead in the driver's seat of his car with a gunshot wound to his head on March 12, 2014. The death was ruled a suicide.

Prior to his death, Mr. Collins had been working for Blackbird Technologies, where he participated in an employee benefit plan that provided basic and supplemental life insurance through group policies funded and administered by Unum Life Insurance Company of America. When Mr. Collins died, his widow, Jennifer Mullen Collins, applied for benefits under both policies. Unum granted benefits under the basic policy, but denied benefits under the supplemental policy's suicide exclusion. The supplemental policy had become effective in February 2013.

To challenge the denial, Ms. Collins filed this action under the Employee Retirement Income Security Act. See 29 U.S.C. 1132(a)(1)(B) (2012). Both parties filed motions for summary judgment. Applying the abuse-of-discretion standard of review, the district court affirmed the denial of benefits and granted summary judgment to Unum. The district court first found the suicide exclusion valid. Then, the court ruled that Unum reasonably interpreted the plan term "suicide" to include sane and insane suicide and had substantial evidence to support its conclusion that the exclusion applied.

We "review the district court's disposition of cross-motions for summary judgment . . . de novo, viewing the facts in the light most favorable to the non-moving party." Bostic v. Schaefer, 760 F.3d 352, 370 (4th Cir. 2014). Summary judgment requires the moving party to show that no genuine dispute of material fact remains and that the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Here, the cross-motions for summary judgment concerned Unum's use of a suicide exclusion. Plan administrators bear the

3

burden of proving an exclusion applies.  Jenkins v. Montgomery Indus., 77 F.3d 740, 743 (4th Cir. 1996).

Where, as here, the plan grants an administrator discretion to award a benefit, we "must review only for abuse of discretion and . . . must not disturb the . . . decision if it is reasonable, even if the court itself would have reached a different conclusion."  Fortier v. Principal Life Ins. Co., 666 F.3d 231, 235 (4th Cir. 2012) (internal quotation marks omitted).  An "administrator's decision is reasonable if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence."  Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008) (internal quotation marks omitted).

Our review for reasonableness applies to both a plan administrator's factual findings and plan interpretations.  An administrator's factual findings require substantial evidence, meaning "more than a scintilla but less than a preponderance."  Newport News Shipbuilding & Dry Dock Co. v. Cherry, 326 F.3d 449, 452 (4th Cir. 2003) (internal quotation marks omitted).  When reviewing the administrator's findings for substantial evidence, a court must confine its review to the administrative record, limiting itself "to the evidence that was before the plan administrator at the time of the decision."  Bernstein v. CapitalCare, Inc., 70 F.3d 783, 788 (4th Cir. 1995).  When an

4

administrator interprets a plan's terms, the court does not construe ambiguities against the insurer who drafted the terms. See Carden v. Aetna Life Ins. Co., 559 F.3d 256, 261 (4th Cir. 2009).

Judicial review for reasonableness also finds aid in a nonexhaustive list of factors this court set forth in Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 342-43 (4th Cir. 2000). The Booth factors include:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision making process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

Id.

On appeal, Ms. Collins argues that the district court erred for three reasons, but our review of the record reveals no reversible error. First, Ms. Collins argues that the exclusion violates Va. Code § 38.2-3106 (2014), which prohibits insurers from using suicide as a defense to the payment of life insurance benefits unless the insurer includes "[a]n express provision . . . limiting the liability of the insurer to an insured who, whether sane or insane, dies by his own act within two years

5

from the date of the policy." Ms. Collins argues that the absence of the phrase "whether sane or insane" in Unum's suicide exclusion nullifies the exclusion.

We conclude, however, that Unum's exclusion sufficiently complies with Virginia law because a policy only needs to provide sufficient notice of an exclusion and its limit of two years to comply with the statute. See New England Mut. Life Ins. Co. v. Mitchell, 118 F.2d 414, 417 (4th Cir. 1941) (ruling that a valid suicide exclusion does not need to use any "magic" words to comply with statute that governs such exclusions). *

Second, Ms. Collins argues that Unum unreasonably interpreted "suicide" to mean any non-accidental, self-inflicted death. She contends that, because the suicide exclusion did not include a clause specifying that suicide could be "sane or insane," the exclusion does not apply to suicides committed by insane persons. Under the abuse-of-discretion standard, however, Unum only has to offer a reasonable, and not the most reasonable, interpretation of a plan term. See McCorkle v. Metro. Life Ins. Co., 757 F.3d 452, 459 (5th Cir. 2014) (explaining that abuse-of-discretion standard prohibits a court

---

* Because we conclude that the suicide exclusion complies with Virginia law we need not resolve the parties' dispute regarding whether Unum should be allowed to alternatively assert, for the first time on appeal, that the exclusion should be found valid under Maine law.

6

from "substituting [its] own, narrower interpretation of the term ["suicide"] in place of [the administrator's] reasonable, yet broader, interpretation") (internal quotation marks omitted). Because people could reasonably understand the term "suicide" to include any non-accidental, self-inflicted death regardless of mental state, we defer to Unum's interpretation. Moreover, courts have upheld plan administrators' interpretations of "suicide" to include sane and insane suicide even though the phrase "sane and insane" did not appear in the exclusions. McCorkle, 757 F.3d at 459; Riggs v. Metro. Life Ins. Co., 940 F. Supp. 2d 172, 184–85 (D.N.J. 2013).

Third, under Ms. Collins' interpretation of "suicide," she argues the administrative record lacks substantial evidence to show that Mr. Collins was sane when he died. She contends that, during Mr. Collins' military service, he experienced sub-concussive blasts that injured his brain and impaired his ability to resist the impulse to kill himself. Thus, she contends that Mr. Collins was not sane under Fourth Circuit law. See Reinking v. Philadelphia Am. Life Ins. Co., 910 F.2d 1210, 1215 (4th Cir. 1990) (defining insanity to include someone who suffers from "an 'insane' impulse that so overwhelms the will or rational thought that the individual is unable to resist").

Because we hold that Unum reasonably interpreted the suicide exclusion to encompass insane suicide, Mr. Collins'

7

sanity at death has no bearing on the outcome.  Moreover, we find substantial evidence in the administrative record to support Unum's conclusion that the suicide exclusion applied.

Accordingly, we affirm the district court's order granting summary judgment to Unum and denying summary judgment to Ms. Collins.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED