**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2108**

LINDA GRABOWSKI,

       Plaintiff - Appellant,

    v.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,

       Defendant - Appellee,

BAE SYSTEMS FUNDED WELFARE BENEFIT PLAN; BAE SYSTEMS ADMINISTRATIVE COMMITTEE; BAE SYSTEMS, INC.,

       Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, District Judge.  (1:16-cv-01384-AJT-JFA)

Submitted:  July 31, 2018                 Decided:  September 4, 2018

Before WYNN, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Denise M. Clark, CLARK LAW GROUP, PLLC, Washington, D.C.; Carla N. McKain, McKAIN LAW, PLLC, Ithaca, New York, for Appellant.  Elizabeth J. Bondurant, WOMBLE BOND DICKINSON, Atlanta, Georgia; Jerel C. Dawson, SHUTTS &

BOWEN LLP, Miami, Florida, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda Grabowski (Linda) appeals from the district court's order denying her motion for summary judgment and granting summary judgment to Defendant Hartford Life and Accident Insurance Company (Hartford) in her civil action under the Employee Retirement Income Security Act of 1974 (ERISA) challenging Hartford's decision not to pay accidental death and dismemberment (AD&D) benefits under an ERISA employee benefit plan following the death of her husband Mark Grabowski (Mark).  Finding no reversible error, we affirm.

On April 15, 2013, Mark flew from Binghamton, New York, to Los Angeles, California, as part of a business trip for his employer.  Two days later, he collapsed and died at his employer's Los Angeles office.  Prior to his death, Mark had participated in an employee benefit plan (the plan) that provided basic and supplemental AD&D benefits through policies administered by Hartford.  Linda applied for benefits under both policies, but Hartford denied her claims on the bases that Mark's death did not result from a traumatic accidental injury independent of all other causes and was caused or contributed to by sickness or disease.  Linda challenged this denial by filing the subject action under the ERISA, and the parties filed cross-motions for summary judgment. Applying an abuse of discretion standard, the district court affirmed the denial of benefits and granted summary judgment to Hartford.

We review de novo the district court's disposition of cross-motions for summary judgment. *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014).  "When cross-motions for summary judgment are before a court, the court examines each motion separately,

3

employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 354 (4th Cir. 2011). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). A court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Hartford had discretionary authority to determine eligibility for benefits under the plan's AD&D policies and to construe and interpret terms and provisions therein. Where an ERISA plan grants an administrator discretion to award a benefit, we must review its decision "only for abuse of discretion and . . . must not disturb the . . . decision if it is reasonable, even if [we] would have reached a different conclusion." *Fortier v. Principal Life Ins. Co.*, 666 F.3d 231, 235 (4th Cir. 2012) (internal quotation marks omitted). A plan administrator's decision "is reasonable if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) (internal quotation marks omitted).

Our reasonableness review applies to both a plan administrator's factual findings and interpretations of the plan. An administrator's factual findings require substantial evidence, that is, "more than a scintilla but less than a preponderance." *Newport News Shipbuilding & Dry Dock Co. v. Cherry*, 326 F.3d 449, 452 (4th Cir. 2003) (internal

quotation marks omitted). When reviewing the administrator's findings for substantial evidence, our review is limited to a review of "the evidence that was before the plan administrator at the time of the decision." *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995). When an administrator has interpreted a plan's terms, we do not construe ambiguities against the insurer who drafted the terms. *See Carden v. Aetna Life Ins. Co.*, 559 F.3d 256, 261 (4th Cir. 2009).

Judicial review for reasonableness also finds assistance in the non-exhaustive list of factors this court set forth in *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335 (4th Cir. 2000). The *Booth* factors include:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Id.* at 342-43.

Linda argues on appeal that the district court erred for various reasons, but, after review of the record and the parties' briefs, we conclude that no reversible error is present.

Linda faults the district court for allegedly failing to consider various Circuit and district court decisions she contends support the proposition that death resulting from a pulmonary embolism—the event listed in the medical examiner's autopsy report and the death certificate as the condition or event resulting in Mark's death—and similar

5

conditions qualifies as accidental. But these cases are inapposite. In particular, her reliance on *Yasko v. Reliance Standard Life Insurance Co.*, 53 F. Supp. 3d 1059 (N.D. Ill. 2014) is misplaced. The facts there involved a death similar to Mark's, which the district court characterized as an "accident" under a similar policy. *Id.* at 1064. Critically, however, the court there was applying *de novo* review to the interpretation of the policy's terms, rather than the abuse of discretion review we must apply here. *Cf. Yasko on behalf of Yasko v. Standard Ins. Co.*, No. 12 C 2661, 2014 WL 2155227, at *1 (N.D. Ill. May 19, 2014) (addressing same facts under different AD&D policy that gave the administrator discretion to interpret terms of policy, and concluding that decision that the death was not accidental was not unreasonable).

Linda also challenges as unreasonable Hartford's interpretation of the terms accident and accidental in the AD&D policies. She contends that, under *Wickman v. Nw. Nat'l Ins. Co.*, 908 F.2d 1077 (1st Cir. 1990), Mark's death qualified as accidental. She contends that Hartford's denial of her claims on the grounds that there was no evidence in Mark's case of "traumatic" accidental injury was improper because that term is not present in the AD&D policies. She further contends that Hartford's denial decision with respect to the basic AD&D policy essentially conceded that an accident occurred and that holding otherwise is improper.

Under the abuse of discretion standard, however, Hartford only had to offer a reasonable, and not the most reasonable, interpretation of plan terms. *See McCorkle v. Metro. Life Ins. Co.*, 757 F.3d 452, 459 (5th Cir. 2014) (explaining that abuse of discretion standard prohibits a court from "substituting [its] own, narrower interpretation

6

of the term ["suicide"] in place of [the administrator's] reasonable, yet broader, interpretation" (internal quotation marks omitted)).  The policies under the plan condition AD&D benefits on the presence of an "accidental injury" and a "bodily injury resulting . . . directly from an accident."  Hartford determined these circumstances were not present because Mark died from the natural cause of a pulmonary embolism in the absence of any trauma.  We defer to Hartford's interpretation that these circumstances do not qualify as accidental.  *See King v. Penn. Life Ins. Co.*, 470 F. App'x 439, 444 (6th Cir. 2012) (No. 10-1672); *Call v. Am. Int'l Grp., Inc.*, 621 F. Supp. 2d 352, 362 (S.D.W. Va. 2008).  We further conclude that *Wickman* does not mandate a contrary result.  *See Erbe v. Conn. Gen. Life Ins. Co.*, 695 F. Supp. 2d 232, 254-55 (W.D. Penn. 2010) (agreeing that *Wickman* "does not lend itself to cases such as the one at bar involving deaths from heart attacks" and observing that cases applying *Wickman* were concerned with "distinguishing between a death from an intentional act . . . or from reckless behavior that the insured knew or should have known was likely to result in death, and death that was accidental because it was merely the result of negligent conduct" (internal quotation marks omitted)).

Linda also challenges as unreasonable Hartford's reliance in denying benefits on the autopsy report and death certificate.  These documents provide information about the biological factors contributing to Mark's death, and Hartford did not act unreasonably in relying on them in assessing whether Mark's death was accidental.  *See Hancock v. Metro. Life Ins. Co.*, 590 F.3d 1141, 1144 (10th Cir. 2009) (upholding administrator's determination of no entitlement to AD&D benefits because accidental death was not

7

established where medical examiner's report concluded cause of death was undetermined); *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 663 (7th Cir. 2005) (ERISA plaintiffs must prove that their insurance contract entitles them to benefits).

Linda complains about Hartford's claims review process, noting that it was performed by a benefits specialist, without input from or analysis by a medical professional. We reject this argument because Linda does not explain how this renders Hartford's process unreasonable. She further contends that her evidence submitted as part of her administrative appeal was ignored and that Hartford failed to explain why it did so. We reject this contention as flatly contradicted by the record.

Linda further argues that Hartford's conflict of interest improperly influenced its decisionmaking, as evidenced by its consultation with in-house counsel during her administrative appeal. We conclude it was not unreasonable for Hartford to consult with counsel during Linda's administrative appeal, *Olsen v. Standard Ins. Co.,* 40 F. Supp. 3d 1109, 1116 (D. Minn. 2014), and that this argument suggests no other basis for vacating the district court's judgment.

Finally, Linda argues that Hartford failed to meet its burden to prove the applicability of a coverage exclusion for death caused or contributed to by a sickness or disease. Because we conclude that Hartford did not act unreasonably in determining that Mark's death was not an accident or accidental under the policies, any lack of proof on this point has no bearing on the outcome of this case.

8

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*